Opinion issued August 29, 2002

 










In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-00-01301-CR

____________


ANTHONY PALACIOS, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 337th District Court

Harris County, Texas

Trial Court Cause Nos. 818,792






O P I N I O N

 The jury found appellant, Anthony Palacios, guilty of murder and assessed
punishment at life imprisonment and a $9,500 fine. See Tex. Pen. Code Ann. §
19.02 (Vernon 1994). Appellant brings four points of error, challenging the
voluntariness of his written custodial statement, the trial court's refusal of an
instruction on the lesser-included offense of manslaughter, and the legal and factual
sufficiency of the evidence. We affirm.

Facts

 Jamie Adams, appellant's neighbor, was present at a party at appellant's house. 
Adams saw appellant and the complainant using dope and drinking. When Adams
returned the next day, appellant was high on dope and began bragging that he struck
a man with a baseball bat, threw the man in the back of a pickup truck, wrapped him
with plastic, drove the truck to an undisclosed location, and disposed of the body. 
Appellant told Adams the man was alive and gasping for air when appellant put him
in the pickup truck. Appellant also told Adams that he unwrapped the man and cut
his throat. Appellant showed Adams the place on appellant's back porch where he
hit the man and a place in the yard where appellant said there was blood.

 The abandoned pickup truck, with the complainant's body wrapped in plastic,
was recovered by the Harris County Sheriff's Department. The medical examiner
stated that the complainant had been struck on the head with a hard object and that
these injuries could have been caused by blows from a baseball bat. After obtaining
a search warrant, Harris County Sheriff's deputies searched appellant's house and
found blood on a van, a baseball bat, and plastic material similar to that in which the
complainant's body was wrapped. Forensic DNA tests later identified the
complainant's blood on the baseball bat.

 After the deputies arrested appellant, he made a written custodial statement. 
Appellant said that, on the night of the party, he saw the complainant standing over
appellant's girlfriend, who had passed out. The complainant's pants were pulled
down. Appellant then grabbed the complainant by his hair, dragged him through the
house to the front yard, and hit the complainant with a board. Two other men at the
party then began hitting the complainant, and they helped appellant roll the
complainant in plastic and put him in the back of the complainant's pickup truck. 
Appellant rode in the pickup truck with the two men over to a bayou, where they
abandoned the complainant and the truck.

Voluntariness of the Confession


 In point of error one, appellant contends the trial court erred in overruling his
motion to suppress his written custodial statement because it was made involuntarily. 
Specifically, appellant claims the statement was involuntary because the police
officers obtained his confession by coercing him into giving the statement by
threatening to charge him with capital murder if he did not give a statement. 

 When a motion to suppress is presented, the trial court is the sole judge of the
witnesses' credibility and the weight to be given their testimony. Guzman v. State,
955 S.W.2d 85, 89 (Tex. Crim. App. 1997). The appellate court's only role is to
decide whether the trial court improperly applied the law to the facts. Williams v.
State, 937 S.W.2d 23, 26 (Tex. App.--Houston [1st Dist.] 1996, pet. ref'd). Unless
the trial court clearly abused its discretion, we will not disturb its findings. Rivera
v. State, 808 S.W.2d 80, 96 (Tex. Crim. App. 1991); Williams, 937 S.W.2d at 26. 
Further, we afford nearly complete deference to the trial court's rulings on mixed
questions of law and fact when the resolution of those questions turns on an
evaluation of credibility and demeanor. Guzman, 955 S.W.2d at 89. Accordingly,
we review the evidence in the light most favorable to the ruling of the trial court. Id.;
Taylor v. State, 945 S.W.2d 295, 297 (Tex. App.--Houston [1st Dist.] 1997, pet.
ref'd).

 Although appellant contends he was coerced into making his written statement,
there was testimony at the hearing on the motion to suppress that the interrogating
officers did not coerce appellant. Two police officers testified for the State, and
appellant was the sole defense witness. The record of the suppression hearing
presents conflicting evidence regarding whether any officer coerced appellant into
giving a statement involuntarily by threatening to charge him with capital murder. 
Appellant testified that Detective C.E. Leithner threatened him and Detective
Leithner testified that he made no such threat. Officer Craig Thomas also testified. 
He stated that neither he nor Leithner threatened appellant or promised him anything. 
After hearing evidence from both appellant and the State, the trial court found
appellant's written statement was free and voluntary and that there was no coercion,
threats, promises, or duress. Reviewing the evidence as we must, we conclude the
trial court did not abuse its discretion in overruling the motion to suppress.

 We overrule point of error one.

Lesser-Included Offense


 In point of error two, appellant claims the trial court erred in refusing to give
an instruction on the lesser-included offense of manslaughter. To determine if a
defendant is entitled to a lesser-included-offense instruction, a two-prong test is
applied: (1) the lesser-included offense must be included within the proof necessary
to establish the offense charged; and (2) some evidence must exist in the record that
would permit a jury to rationally find that if the defendant is guilty, he is guilty only
of the lesser-included offense. Rousseau v. State, 855 S.W.2d 666, 672-73 (Tex.
Crim. App. 1993). The State concedes that the elements of manslaughter are included
within the elements of proof necessary to establish murder, so the first prong of the
test has been satisfied.

 The Penal Code states that a person commits the offense of manslaughter if the
person recklessly causes the death of an individual. Tex. Pen. Code Ann. §§ 6.03(c)
(definition of reckless), 19.04 (manslaughter) (Vernon 1994). To show he is guilty
only of manslaughter, appellant (1) points to the evidence that the complainant was
gasping for air when he was being loaded into the pickup truck and (2) argues that
this evidence demonstrates that he was reckless about whether the complainant was
still alive and that he did not intend to kill the complainant.

 The State correctly points out that appellant did not raise any evidence at trial
that he was acting recklessly when he hit the complainant. Instead, the record shows
the complainant's death was caused by skull fractures resulting from blunt force
trauma to the head and a knife wound to the neck. In his confession, appellant
admitted that he intentionally hit complainant on the head with a board. Adams
testified that appellant told her that he hit the complainant with a baseball bat and
then cut his throat. There was no evidence appellant recklessly engaged in any of
those acts which caused complainant's death. Appellant's argument essentially is that
he was reckless about not ascertaining whether the complainant was actually dead
before disposing of the body. Appellant cited no case law to support the argument
that a defendant's post attack, but pre-death mental state, is relevant to the issue of
the defendant's mental state when he committed the attack that caused the
complainant's death. Appellant has raised no evidence that he acted recklessly when
he inflicted the blows that ultimately caused the complainant's death. Accordingly,
we hold appellant was not entitled to an instruction on manslaughter.

 We overrule point of error two.



Factual and Legal Sufficiency


 In points of error three and four, appellant contends the evidence is legally and
factually insufficient to support his conviction. In reviewing legal sufficiency, we
view the evidence in the light most favorable to the verdict and ask whether a rational
trier of fact could find the essential elements of the crime beyond a reasonable doubt. 
Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2788-89 (1979). In
reviewing factual sufficiency we examine all of the evidence neutrally, and ask
whether proof of guilt is so obviously weak or greatly outweighed by contrary proof
as to indicate that a manifest injustice has occurred. King v. State, 29 S.W.3d 556,
563 (Tex. Crim. App. 2000). In conducting a sufficiency review, we must consider
all of the evidence presented, whether properly or improperly admitted. Miles v.
State, 918 S.W.2d 511, 512 (Tex. Crim. App. 1996). Appellant's statement must,
therefore, be considered even if it was improperly admitted. 

 Appellant attacks both the legal and factual sufficiency of the evidence by
questioning the credibility of Adams's testimony and the voluntariness of appellant's
written custodial statement. Appellant specifically questions the weight that should
be given Adams' testimony by noting that Adams testified appellant used drugs on
the night of the offense and that Adams did not believe appellant when appellant
initially told her about hitting the complainant and disposing of the body. 

 Adams was present at appellant's house on the night the complainant was
killed and returned the next day. On that next day, appellant told Adams that he
struck complainant with a baseball bat, threw the man in the back of a pickup truck,
wrapped him with plastic, drove the truck to an undisclosed location and disposed of
the body. Appellant also told Adams the complainant was alive and gasping for air
when appellant put him in the pickup truck, that he unwrapped complainant and cut
his throat. Appellant showed Adams the place on appellant's back porch where he
hit the complainant and a place in the yard where appellant said there was blood.

 Adams' testimony concerning appellant's admissions was corroborated by
medical evidence. The assistant medical examiner, who testified at trial, stated that
the autopsy performed on the complainant's body shows a number of skull fractures
consistent with his having been struck by a baseball bat. He also noted that the
complainant's jugular vein had been cut by a stab wound. He concluded that the skull
injuries and the severed jugular vein caused the complainant's death.

 Another witness, Ernest Williams, testified that he met appellant while both
were in jail. Appellant admitted to Williams that he used a bat to kill the
complainant.

 The State introduced physical evidence connecting appellant to the murder. 
Police Officer David Rossi found plastic material at appellant's house that was
similar to the plastic in which the complainant's body was wrapped. He detected
blood on a van parked in appellant's drive. A bat was recovered from appellant's
kitchen. The forensic DNA analyst who examined these items determined that the
blood recovered from the van and bat matched the complainant's DNA.

 Reviewing all the evidence, we conclude there was legally sufficient evidence
to support appellant's conviction. We also conclude that the evidence supporting
appellant's conviction is not so obviously weak or greatly outweighed by contrary
proof as to indicate that a manifest injustice has occurred.

 We overrule points of error three and four.

Conclusion


 We affirm the trial court's judgment.

 

Sherry J. Radack

Justice


Panel consists of Justices Mirabal, Nuchia, and Radack.

Do not publish. Tex. R. App. P. 47.